# United States District Court

## FOR THE DISTRICT OF NEBRASKA

WARNER, JOSEPH R.,

    *Plaintiff*

Civil Action No. 8:22CV377

WARNER, BARBARA J.,

    *Defendant*

## COMPLAINT FOR JURY TRIAL

The Plaintiff, Joseph R. Warner, files this action for breach of fiduciary duty against Defendant, Barbara J. Warner.

## PARTIES

1. Plaintiff, Joseph R. Warner (hereinafter "Mr. Warner" or "Plaintiff") is an individual whose domicile is in the State of New Jersey and whose registered mailing address is in Burlington County at PO Box 752 Marlton, New Jersey 08053.

2. Defendant, Barbara J. Warner (hereinafter "Ms. Warner" or "Defendant") is an individual who resides at 8759 South Glenview Avenue, La Vista, Sarpy County, Nebraska.



NOV 0 3 2022

CLERK
U.S. DISTRICT COURT

3. Josephine P. Warner (hereinafter "Decedent") is the mother of both Plaintiff and Defendant and resided at a memory-loss/hospice facility in Papillion, Sarpy County, Nebraska until her death on October 16, 2012.

4. Edmund G. Warner (hereinafter "Father") is the father of both Plaintiff and Defendant. Father lived with Decedent in an assisted living facility, Mable Rose, in Papillion, Sarpy County, Nebraska until his death on February 6, 2012.

## FACTS RELEVANT TO ALL CLAIMS

5. On October 8, 2002, Decedent signed and executed her will.

6. On October 8, 2002, Decedent and Father signed a restatement of the Warner Family Trust (hereinafter "Trust" or "the Trust").

7. The Trust stated that either of the two grantors, Decedent or Father, could amend or revoke the Trust.

8. On February 15, 2011, Father signed a revocation of the trust agreement, witnessed by Defendant.

9. Once the Trust was revoked, Father transferred assets, originally in the Warner Family Trust account at Wells Fargo Bank, N.A., to an individual account under the name of Father and Defendant with Power of Attorney.

10. Some of the transferred assets included at least $100,000.00 of an inheritance, which Decedent received on January 5, 2009, from the estate of her brother, Steve Pispeky.

11. On February 6, 2012, Father died.

12. After Father's death, Ms. Warner issued checks from Father's account at Pinnacle Bank to herself, to her family, and to her attorney.

13. Civil claims were later brought against Ms. Warner by Pinnacle Bank for the writing of some of these checks from Father's account after his death.

14. Prior to her death, Decedent resided in a memory loss unit under supervised nursing care. Defendant became her guardian and conservator in 2012.

15. On October 16, 2012, Decedent died.

16. Decedent has three sole heirs, Barbara Warner, Philip E. Warner and Joseph Warner. All three heirs are currently alive and survive the Decedent.

17. On or about October 16, 2012, after the Decedent's death, Ms. Warner transferred thousands of dollars of the Decedent's assets to a federal bank in Texas (hereinafter "Transferred Funds").

18. These Transferred Funds were deposited in a USAA Federal Savings Bank account that named Ms. Warner as sole Trustee.

19. On December 19, 2012, after the Decedent's death, Ms. Warner represented herself as Trustee (despite the previous revocation of the Trust) and transferred Westar Energy stocks owned by Decedent.

20. The Decedent's last will was admitted to probate by the County Court of Sarpy County, Nebraska on December 17, 2012.

21. In December of 2012, Ms. Warner was appointed personal representative of Decedent's estate.

22. On September 12, 2013, Ms. Warner submitted an accounting stating that the Decedent's estate totaled $129,170.39 in assets.

23. Ms. Warner failed to collect and account for all assets of the Decedent prior to submitting the inventory and the accounting as personal representative for the estate of Josephine P. Warner.

24. Ms. Warner did not report the Transferred Funds or other assets as estate property, when submitting an inventory and accounting for Decedent's estate to the Court.

25. Ms. Warner did not request or obtain misappropriated funds held by the estate of Edmund G. Warner as Guardian of Josephine P. Warner.

26. Although she was present and witnessed Father revoke the Warner Family Trust in 2011, Ms. Warner claimed that the Trust was not revoked.

27. Ms. Warner, the Defendant, operated as if the Warner Family Trust were still valid.

28. Defendant intentionally withheld the inclusion of certain assets in the accountings provided to the Court and beneficiaries, instead treating such assets as Trust assets, rather than part of the estate of Decedent.

29. Defendant then filed a civil action (Sarpy County Court, Sarpy County, State of Nebraska Case No. PR 13-43), seeking to register the revoked Trust, pursuant to

Neb. Rev. Stat. §30-3817, in a direct attempt to conceal and legitimize her inappropriate and unlawful actions described above (see paragraphs 19-28).

30. The civil action filed by Defendant (see paragraph 29) was rejected by the Court, by order of the Sarpy County trial judge; however, a testamentary trust was established on February 28, 2014.

31. On January 8, 2013, Ms. Warner paid herself $2,406.63 in administrative fees, in excess of what she was authorized to distribute without court approval.

32. On August 28, 2013, Defendant's authority to act as personal representative for the estate of Decedent was terminated by court order.

33. On November 5, 2018, Philip E. Warner accepted the appointment of successor personal representative for the Estate of Decedent.

## COUNT I – BREACH OF FIDUCIARY DUTY

34. Mr. Warner realleges and incorporates by reference the facts set forth in paragraphs 1-33 above.

35. The Defendant, Ms. Warner, owed a strict fiduciary duty to Mr. Warner, a beneficiary to the Estate of Josephine P. Warner, and all other potential heirs and/or beneficiaries of Decedent's estate, by virtue of her position as the Personal Representative of Decedent's estate.

36. The fiduciary duty of Ms. Warner included the obligation to account for and accurately maintain all monies and assets in Decedent's estate, and to accurately provide an appropriate inventory and accounting of the assets of the Decedent's

estate to the Court and beneficiaries. The Defendant failed to fulfill this obligation, thereby breaching her fiduciary duty.

37. The fiduciary duty of Ms. Warner, as Personal Representative, further required that any dispensations or distributions of assets of the Decedent's estate be carried out only following the requisite inventory and accounting, and that such be carried out in conformity with the Decedent's wishes, under the Court's direction. The Defendant failed to fulfill this obligation, thereby breaching her fiduciary duty.

38. Ms. Warner, by her actions, as noted herein, breached her fiduciary duty as Decedent's guardian and conservator.

39. Ms. Warner, by her actions, as noted herein, breached her fiduciary duty as the Personal Representative of Decedent's estate.

WHEREFORE, Plaintiff respectfully requests judgment in his favor, in the amount of four hundred and twenty thousand dollars ($420,000.00), to indemnify Decedent's estate for damages suffered and incurred, costs, interest, attorney's fees, and any further relief to which the court finds Plaintiff is entitled.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

November 2, 2022

Respectfully Submitted,

*Joseph R. Warner*

JOSEPH R. WARNER
PO Box 752
Marlton NJ 08053
njhorseman@live.com
(609) 234-4808

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOSEPH R. WARNER

**DEFENDANTS**
BARBARA J. WARNER

(b) County of Residence of First Listed Plaintiff  Burlington, New Jersey
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Sarpy, Nebraska
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [x] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 420,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 2 November 2022

SIGNATURE OF ATTORNEY OF RECORD: *Joseph R. Warner*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



# PRIORITY MAIL EXPRESS®

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10001000006

EP13F May 2020
OD: 12 1/2 x 9 1/2

**UNITED STATES POSTAL SERVICE®**   PRIORITY MAIL EXPRESS®

CUSTOMER USE ONLY
FROM: (PLEASE PRINT)   PHONE (609) 234-4808
J. Warner
PO Box 752
Marlton NJ 08053

DELIVERY OPTIONS (Customer Use Only)
☐ SIGNATURE REQUIRED
☑ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required

TO: (PLEASE PRINT)   PHONE ( )
Clerk US District Court
111 S 18th St
Omaha  NE
ZIP + 4® (U.S. ADDRESSES ONLY)
68102

US POSTAGE PAID
Origin: 08096
11/02/22
$27.90
3392400961-16

PRIORITY MAIL EXPRESS 1-DAY®
JOE WARNER
PO BOX 752
MARLTON NJ 08053-0752
(609) 234-4808
0 Lb 5.20 Oz
1007

SCHEDULED DELIVERY DAY: 11/03/22 06:00 PM

SHIP TO:
CLERK US DISTRICT COURT
111 S 18TH PLZ
OMAHA NE 68102-2077

NOV 03 2022   C016

USPS TRACKING #
9570 1137 6952 2306 5076 20