IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH R. WARNER, | |
|     Plaintiff/Counter-Defendant, | 8:22CV377 |
| vs. | |
| BARBARA J. WARNER, | ORDER |
|     Defendant/Counter-Claimant. | |

    This matter comes before the Court on Plaintiff's Motion to Compel Written Discovery Under Rule 36 (Filing No. 13). Plaintiff asks the Court to compel Defendant to respond to the Requests for Admission ("RFA") he mailed to Defendant on January 9, 2023, or to otherwise deem those matters admitted. Plaintiff asserts that, per the assigned USPS Priority Mail tracking number, Defendant received Plaintiff's RFAs on January 13, 2023. (Filing No. 13). Plaintiff also filed a copy of the RFAs with the Court on January 10, 2023. (Filing No. 8). According to Plaintiff's motion filed on February 17, 2023, Defendant has not served any written answers or objections to the RFAs. And, to date, Defendant has not filed a response to the instant motion. See NECivR. 7.1(b)(1)(B) (providing briefs opposing non-dispositive motions "must be filed and served within 14 days after the motion and supporting brief are filed and served.").

    Rule 36(a)(1) provides that "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). However, Plaintiff served his RFAs upon Plaintiff on January 13, 2023, prior to when written discovery was authorized to commence. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). There is nothing to suggest that the parties had conferred under Rule 26(f) at the time Plaintiff served his RFAs, and the Court did not enter a case progression order authorizing discovery to commence until January 25, 2023. (Filing No. 10). Therefore, Plaintiff's RFAs were premature

at the time they were served. Nevertheless, considering that both parties are proceeding pro se and after review of Plaintiff's RFAs, the Court finds that rather than treating Plaintiff's RFAs as a nullity or ordering Plaintiff to re-serve the RFAs upon Defendant, under the circumstances it is more efficient to provide a deadline for Defendant to serve written responses to Plaintiff's previously served RFAs. Accordingly,

**IT IS ORDERED:** Plaintiff's Motion to Compel Written Discovery Under Rule 36 ([Filing No. 13](#)) is granted, in part. Defendant shall serve written responses to Plaintiff's Requests for Admission on or before **March 27, 2023**. Failure to timely respond will result in Plaintiff's Requests for Admission ([Filing No. 8](#)) being deemed admitted by Defendant pursuant to Rule 36 of the Federal Rules of Civil Procedure.

Dated this 6th day of March, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge