IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH R. WARNER, | |
| Plaintiff/Counterclaim Defendant, | 8:22CV377 |
| v. | ORDER |
| BARBARA J. WARNER, | |
| Defendant/Counterclaim Plaintiff. | |

Plaintiff Joseph R. Warner ("Joseph") brought this action *pro se* against his sister, defendant Barbara J. Warner ("Barbara"), alleging she breached the fiduciary duty she owed him as the personal representative of their mother's estate (Filing No. 1). Barbara answered Joseph's Complaint and pleaded two state-law counterclaims against him (Filing No. 3), one for intentional infliction of emotional distress and another for abuse of process.

On May 26, 2023, the Court granted Barbara's motion under Federal Rule of Civil Procedure 12(b)(6) (Filing No. 14) and dismissed Joseph's complaint as untimely (Filing No. 24). The Court simultaneously denied Joseph's motion for summary judgment on his claim (Filing No. 7).

Following some discovery and the resolution of related disputes between the estranged siblings, Joseph moved for dismissal of or summary judgment on Barbara's counterclaims (Filing No. 56), *see* Fed. R. Civ. P. 12(b), 56, which Barbara opposed (Filing Nos. 58). On March 8, 2024, once the motion was fully briefed, the Court granted dismissal, concluding "Barbara's sparse factual allegations fail[ed] to state a plausible claim for relief for intentional infliction of emotional distress or abuse of process." That

day, judgment was entered (Filing No. 72) reflecting the Court's determinations on both Joseph's original complaint and Barbara's counterclaims.

Now before the Court is Joseph's Bill of Costs (Filing No. 73) seeking a total of $1,044.46 in reported costs. *See* Fed. R. Civ. P. 54(d)(1) (providing that costs "should be allowed to the prevailing party"); *Hoekman v. Educ. Minn.*, 41 F.4th 969, 979 (8th Cir. 2022) ("A prevailing party is presumptively entitled to recover costs, and the opposing party must overcome that presumption."). Barbara opposes any such taxation (Filing No. 75) and asserts that judgment was not entered in favor of either party. The Court agrees.

Under the particular circumstances of this case, the Court finds there was no prevailing party. *See CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016) ("The Court has said that the 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'" (quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989))). This Court's judgment and underlying dismissal of each party's claims awarded neither Joseph nor Barbara any of the benefits they sought in bringing their claims. *See Parada v. Anoka County*, 54 F.4th 1016 (8th Cir. 2022). For that reason, Joseph's Bill of Costs is denied.

IT IS SO ORDERED.

Dated this 26th day of April 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge